Nash, C. J.
 

 The indictment charges that while the congregation of Olivet Church were engaged in religious worship, the ■defendant “unlawfully, willingly and of purpose, maliciously and contemptuously, did come into the congregation aforesaid during divine service, actually going on as aforesaid, and did then and there willingly and of purpose, &e., disquiet and disturb said congregation, by then and there exhibiting himself drunk, and by then and there cursing and swearing with a loud voice, and also by talking with a loud voice, and also by making unusual gestures and grimaces.” The several facts charged upon the defendant, certainly amount to an indictable offence, but, unfortunately, the evidence sustains no one of them. The case states that the defendant was not within the meeting-house during the meeting, and that the only noise, which disturbed the congregation, was the one made by the defendant, striking with a stick against the outside of the house. The State did not rest its charge against the defendant, by averring that, by loud and unusual noises, he had disquieted the congregation; in which case, any such noises, however made, with a view to such disturbance, and attended with that effect, would have sustained the indictment; but it has particularized
 
 when
 
 the acts were done, and
 
 what
 
 they were. It was the .duty of the State to have given evidence of some one of them. Certainty, in stating the facts constituting the offence, is required in every indict
 
 *510
 
 ment, but not absolute certainty; and if tbe offence is stated with more particularity than is required, it must be proved as laid; any material variance will be fatal. Arch. Pl. and Ev. 45, 98. Rex v. Dowlin, 5 T. R. 311, 17. In the case of State v.
 
 Cowan,
 
 7 Ired. Rep. 239,
 
 his
 
 Honor Judge
 
 Ruffin,
 
 in commenting upon an opinion of Lord Hale on this subject, says:
 
 “
 
 Fairness to the prisoner, and all legal analogy, require that, when the offence is laid in one of .those ways, (where the statute, under which the prisoner was charged, described the of-fence as taking place in two ways,) it ought to be proved as laid, and not in the other mode.” This principle, we think, governs this case. It was not neeessary that the indictment should have located the misconduct of the defendant in the house; the unusual noise, if made for the purpose, and with the intent to disturb the congregation, was as much a violation of the peace and of the law, when made outside the house, as when made within it. It is true, it was the noise which, in this case, constituted the offence, and if so charged, it would have been sufficient; but the State has charged how the noise was made, and
 
 where;
 
 and it must be held to the proof of it, as laid.
 

 There must be a
 
 venire de novo.